

**JEFFREY D. FRIEDLANDER**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

**LIZA SOHN**
*Assistant Corporation Counsel*
E-mail: lsohn@law.nyc.gov
Phone: (212) 356-2354
Fax: (212) 356-3509

January 2, 2014

Honorable Judge Robert M. Levy
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Camden Plaza East
Brooklyn, New York 11201

      Re:    <u>Kevin Sainte v. City of New York, et al.</u>,
             13-CV-6820 (MKB)(RML)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants Detective Anthony Bonilla and Detective Manuel Rodriguez in the above-referenced matter, in which plaintiff alleges, *inter alia*, false arrest and malicious prosecution. I write to respectfully request a 60-day enlargement of time, from January 3, 2014 until March 4, 2014, to answer or otherwise respond to plaintiff's complaint. Plaintiff's counsel, Baree Fett, Esq., consents to this request. This is defendants' first request for an enlargement of time and will not affect any previously scheduled dates.

      There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter to properly assess this case and respond to the complaint. Upon information and belief, this office has received an authorization for the release of records that may be sealed pursuant to New York Criminal Procedure Law § 160.50, and is processing it. Furthermore, inasmuch as plaintiff has alleged deliberate indifference to his medical needs and emotional damages, this office is in the process of forwarding for plaintiff's execution authorizations for the release of medical records concerning any treatment received as a result of the alleged incident. It is the experience of this office that it generally takes at least 30 days after the release has been sent to the health care provider(s) to receive the medical records.

Moreover, plaintiff has named as a defendants Bonilla and Rodriguez. If properly and timely served, this enlargement may also give this office time to determine, pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of the facts of the case, whether we may represent said individually named defendants. See Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d. Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 802, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Accordingly, without appearing on the individual defendants' behalf, if they have been properly served, this office requests that the Court, *sua sponte*, grant an enlargement of time to the individual defendants.

No previous request for an enlargement to answer has been made by defendants. Accordingly, defendants respectfully requests that the Court grant defendants Bonilla and Rodriguez a 60-day enlargement of time to answer or otherwise respond to the complaint.

Thank you for your consideration herein.

Respectfully submitted,

_____/s/_____

Liza Sohn
Assistant Corporation Counsel
Special Federal Litigation Division

cc:
**BY ECF**
Baree Fett, Esq.
*Attorney for Plaintiff*